UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No.: 8:19-cr-548-WFJ-SPF

OSCAR DAVID FRANCO-
CONSTANTE
_____/

## ORDER DENYING SENTENCE REDUCTION

Citing Amendment 821 to the United States Sentencing Guidelines, Oscar David Franco-Constante, USM#: 73031-018, moves (Dkt. 126) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On July 10, 2020, Oscar David Franco-Constante was sentenced under 46 U.S.C. §§ 70503(a), 70506(a)(b) and 21 U.S.C. § 960(b)(1)(B)(ii) to 94 months. Oscar David Franco-Constante's total offense level was 33. He was assessed no criminal history points, and his criminal history was category I. Mr. Franco-Constante's advisory sentencing range was 135 to 168 months, and he received a four-level downward departure for substantial assistance. The Bureau of Prisons reports that his projected release is September 14, 2025.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States

Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Oscar David Franco-Constante is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces Oscar David Franco-Constante's offense level to 31 and reduces his advisory sentencing range to 108 to 135.  The Federal Defender appears, confirms Oscar David Franco-Constante's eligibility for a reduction, and moves unopposed to reduce his sentence to 70 months (a 24-month reduction in sentence) based on the same four-level downward departure he received at sentencing.

    The Court exercises its discretion to deny such a reduction.  Movant previously received a significant downward departure.  This was a significant Colombian marine smuggling venture involving well over a ton of pure cocaine, transported far out into the Pacific Ocean.  Movant obstructed the arrest by jettisoning cargo.  Dkt. 66 at 5–6.

    The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a).  To reduce the sentence further would drop it below that level necessary to comply with the purposes of sentencing.  To do so would be less than that needed to reflect "the nature and circumstances of the offense . . . [and] the

seriousness of the offense, to promote respect for the law, and to provide just punishment . . ." *Id*. § 3553(a)(1),(a)(2)(A).  Likewise, appropriate deterrence would be impacted.  *Id*. § 3553 (a)(2)(B).

Mr. Franco-Constante's motion (Dkt. 126) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on July 10, 2024.

*[signature]*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

4